IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BERNARD NATHANIEL CHRISTIAN　　　*

　　v.　　　　　　　　　　　　　　　*　　CIVIL NO. CCB-13-2868
　　　　　　　　　　　　　　　　　　　　CRIMINAL NO. CCB-03-0351
UNITED STATES OF AMERICA　　　　*

＊＊＊

# MEMORANDUM

On February 4, 2005, Bernard N. Christian ("Christian") was sentenced to a term of 188 months for one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. (*See United States v. Christian*, Criminal No. CCB-03-0351, ECF No. 93.) On March 19, 2007, the United States Court of Appeals for the Fourth Circuit affirmed the criminal judgment. *See United States v. Mitchell*, 226 Fed. App'x 320, 325 (4th Cir. 2007). Christian's petition for writ of certiorari was denied by the U.S. Supreme Court on October 1, 2007. *See Christian v. United States*, 552 U.S. 888 (2007).

On September 18, 2008, Christian filed his first motion to vacate under 28 U.S.C. § 2255, raising claims of ineffective assistance of trial, sentencing, and appellate counsel. (*See* Mot. to Vacate, ECF No. 189.) The motion was fully briefed and denied by the undersigned on April 29, 2009. (*See* ECF Nos. 207 & 208.) The Fourth Circuit denied the certificate of appealability and dismissed the appeal on October 21, 2009. (*See* ECF No. 218.) On August 11, 2010, Christian filed a motion to correct sentence under Rule 60(b), (*see* Mot. to Correct Sentence, ECF No. 223), which was construed as a successive motion to vacate and was dismissed without prejudice. (*See* ECF Nos. 224 & 225.)

On September 26, 2013, Christian filed a motion to vacate, set aside, or correct his sentence

1

pursuant to 28 U.S.C. § 2255. (*See* Petition in Light of *Alleyne*, ECF No. 292.) He claimed that his motion may be reviewed under 28 U.S.C. § 2255(f)(3) in light of the June 17, 2013, U.S. Supreme Court opinion in *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013).[1]

Christian's argument for relief in the present case rests on two assumptions. First, it rests on the assumption that the *Alleyne* Court made its decision retroactive to cases on collateral review. Second, it assumes that his § 2255 motion is timely under 28 U.S.C. § 2255(f)(3) because it was filed within one year of the date the Supreme Court decided *Alleyne.*

This argument fails in two respects. First, courts that have considered the retroactivity of *Alleyne* have concluded that it is not retroactive. *See, e.g.*, *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (internal citation omitted) ("*Alleyne* is an extension of *Apprendi v. New Jersey* . . . . The Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review."); *In re Payne*, __ F.3d __, 2013 WL 5200425, at *1-2 (10th Cir. 2013) (same); *see also United States v. Condra*, 2013 WL 4678165, at *2 n.4 (W.D. Va. Aug. 30, 2013) (citing *Simpson* and noting that the Supreme Court made no declaration that *Alleyne* was to apply retroactively to cases on collateral review); *Castellano v. United States*, __ F. Supp. 2d __, 2013 WL 4516793, at *2 (S.D.N.Y. Aug. 20, 2013) (stating that the court has found no authority to support the proposition that *Alleyne* applies retroactively to cases on collateral review).

Second, Christian's reliance on § 2255(f)(3) is misplaced. This provision relates to the timeliness of a § 2255 motion, and provides that the motion must be filed within one year of the date the Supreme Court recognizes a new right, if that right has been "made retroactively applicable to

---

[1] In *Alleyne*, the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." 133 S. Ct. at 2155 (citation omitted). Because the case was decided on direct appeal, there is no indication in *Alleyne* that the Supreme Court intended its holding to apply retroactively to cases on collateral review, and the Fourth Circuit has not yet spoken on the issue. The court will assume *arguendo* that the rule announced in *Alleyne*

cases on collateral review." 28 U.S.C. § 2255(f)(3). Although Christian did file his motion within one year from the date that Supreme Court decided *Alleyne*, that fact does not authorize this court to consider the merits, if any, of Christian's § 2255 motion. In sum, timeliness is not the issue which this court must address when deciding whether the present motion is permissible.

As noted, Christian has filed two § 2255 motions, which have been dismissed by this court. The first was dismissed on the merits, and the second motion was dismissed as an unauthorized, successive motion pursuant to § 2255(h).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides, in relevant part, that:

> A second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Christian has provided no evidence that he has secured this necessary authorization from the Fourth Circuit; therefore this court cannot consider the merits of a successive motion under § 2255. *See In re Vial*, 115 F.3d 1192, 1194–95 (4th Cir. 1997) (en banc). A "second or successive" petition for relief under § 2255 may not be filed in a district court unless the petitioner first obtains the "gatekeeping" authorization of the court of appeals certifying that the petition conforms to specified statutory requirements. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A). The Fourth Circuit must first enter an order authorizing this court to consider the successive filing before this court can examine the merit of his claims. *See* § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

---

recognized a new right, and that Christian sought to assert that right in his latest § 2255 motion.

The Fourth Circuit has set forth instructions for the filing of a motion to obtain the authorization order. The procedural requirements and deadlines for filing the motion are included. The Clerk shall provide Christian a copy of these instructions, which explain the procedure to be followed should he wish to seek authorization in the appellate court to file a successive § 2255 petition. It is to be emphasized that Christian must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims. A separate order follows.

October 8, 2013                                          /s/
Date                                                            Catherine C. Blake
                                                                 United States District Judge